# Exhibit A

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | RICHARD B. YUILLE<br>P-22664 | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN**<br>JUDICIAL DISTRICT<br>7th JUDICIAL CIRCUIT<br>COUNTY PROBATE | | **SUMMONS AND COMPLAINT** | | **CASE NO.**<br>16-107896-CZ |

Court address
900 Saginaw St, Flint, MI 48502

Court telephone no.
(810) 424-4355

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Linda Bell-Kachelski | v | Michigan Protection & Advocacy Service, Inc. and<br>Michigan Rehabilitation Services<br>Jointly and Severally<br>4095 Legacy Parkway Ste 500<br>Lansing, MI 48911 |
| Plaintiff's attorney, bar no., address, and telephone no.<br>Jan Jeffrey Rubinstein (P57937)<br>30150 Telegraph Rd., Ste 444<br>Bingham Farms, MI 48025<br>(248) 220-1415 | | Michigan Rehab to be served at:<br>711 N Saginaw St., Ste 124, Flint MI 48503 |

**SUMMONS** | **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>OCT 04 2016 | This summons expires<br>2017 | Court clerk<br>Teresa [signature] |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** | Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**
| Plaintiff(s) residence (include city, township, or village)<br>Flint, MI | Defendant(s) residence (include city, township, or village)<br>Flint, MI |
|---|---|
| Place where action arose or business conducted<br>Flint, MI | |

| 09/28/2016 | [signature] | P57937 |
|---|---|---|
| Date | Signature of attorney/plaintiff | |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a), (b), MCR 3.206(A)

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR GENESEE COUNTY

LINDA BELL-KACHELSKI, an Individual,
    Plaintiff,

Case No.: CZ 16-107896-CZ
Hon.:



-v-

MICHIGAN PROTECTION & ADVOCACY SERVICE, INC.
a domestic non-profit corporation;
MICHIGAN REHABILITATION SERVICES,
a governmental agency;

    Defendants.

_____/

THE RUBINSTEIN LAW FIRM
Jan Jeffrey Rubinstein (P57937)
Ryan P. Richardville (P77335)
Attorneys for Plaintiff
30150 Telegraph Rd. Ste. 444
Bingham Farms, MI 48025
(248) 220-1415

A TRUE COPY
Genesee County Clerk

_____/

## COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, LINDA BELL-KACHELSKI, by and through her attorneys, THE RUBINSTEIN LAW FIRM, and for her Complaint and Jury Demand state the following:

### JURISDICTION AND PARTIES

1. This is an action to enforce civil and common-law rights arising out of Plaintiff's denial of financial aid and advocacy services of Defendants due to Plaintiff's disability and race.

2. Plaintiff, LINDA BELL-KACHELSKI, is an individual residing at 1499 Autumn Dr., Flint, MI 48532.

3. Defendant, MICHIGAN PROTECTION & ADVOCACY SERVICE, INC. ("MPAS"), is a domestic non-profit corporation with a registered office at 4095 Legacy Parkway Suite 500, Lansing, MI 48911.

4. Defendant, MICHIGAN REHABILITATION SERVICES ("MRS"), is a subsection of the Michigan Department of Human Services, with a principal place of business located at 711 N. Saginaw St., Suite 124 Flint, MI 48503.

5. That the amount in controversy is in excess of $25,000, exclusive of interest, costs, and attorney fees.

6. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates and realleges all above paragraphs as if set forth more fully herein.

8. At all times relevant, Plaintiff has suffered and continues to suffer from a permanent, cognitive disability.

9. That the aforementioned permanent, cognitive disability prevents Plaintiff from working all day within a large group.

10. Despite Plaintiff's disability, Plaintiff started up a business with the main focus of providing sign language interpretation.

11. Additionally, Plaintiff was training and working with a service dog due to the added responsibilities.

12. On or about October 24, 2012, Plaintiff contacted Defendant, MPAS, for the first time in order to obtain counsel for assistance in obtaining through Defendant, MRS, an

accommodation for a sign language certification examination, and completion of a bachelor's degree through the University of Michigan Flint.

13. Defendant, MPAS, agreed to represent, and undertook to represent, Plaintiff in an action to resolve outstanding issues with Michigan Rehabilitation Services regarding qualifications and placement within the agency in order to receive aid for purposes of pursuing a Bachelor's degree.

14. On or about March of 2014, Plaintiff met at Defendant, MRS's, office for a meeting with a counselor regarding her ability to obtain state assistance.

15. On the same day, Plaintiff overheard in MRS's office, a representative of Defendant, MRS, state "the nigger is here at five [minutes] to five, trying to make trouble."

16. As a result of the aforementioned comments, Plaintiff filed a grievance within the office that a counselor and representative of Defendant, MRS, was making discriminatory and vulgar comments.

17. On or about April 3, 2014 Defendant, MPAS, sent to Plaintiff a letter stating that as a result of her meetings with Michigan Rehabilitation Services ("MRS") staff, MRS has agreed to the following:

   a. MRS will pay for the fee for you to re-take your Michigan BEI exam;

   b. MRS will pay for you to take English 112 at U of M flint as an assessment of your ability to proceed with college course work;

   c. If you pass English 112, MRS will develop an IPE with the goal of Interpreter and continue to pay for your full time enrollment at U of M Flint to complete her Bachelor's degree;

   d. MRS will assign you to a new MRS Counselor (Exhibit "A").

18. As a result of Plaintiff's meeting with Defendant, MPAS, Defendant, MRS, paid Plaintiff's tuition for her first year of classes.

19. On or about April 18, 2014, MRS assigned on behalf of Plaintiff a new counselor, Vanessa Neilley.

20. After Plaintiff filed her grievance and was assigned to her new counselor with Defendant, MRS, Defendant refused to make tuition payments pursuant to the previous agreement.

21. As a result, Plaintiff was not able to obtain the necessary tutor offered through the University of Michigan Flint which is paid through tuition. Because Plaintiff was unable to obtain tuition payments or a tutor for her permanent disability, Plaintiff was unable to pass requisite math and English classes despite taking the classes four (4) times each.

22. Plaintiff was eventually provided with necessary tutors and Plaintiff immediately passed the two classes, however, Plaintiff was sent a bill for tuition for all of the classes in addition to the tutor.

23. Due to the circumstances as outlined above with Defendant, MRS, Plaintiff turned to Defendant MPAS to provide assistance, guidance, and to seek reimbursement for her previously determined eligibility for financial aid. Thereafter, Plaintiff was informed that the attorney handling her matter, Nicole Shannon, was no longer employed with Defendant, MPAS.

24. Thereafter, Defendant, MPAS, arbitrarily closed her file and would no longer assist Plaintiff, including holding Defendant, MRS, to the original agreement (Exhibit "A").

25. In addition, Defendant MPAS inconsistently stated her factual basis which formed the basis for her financial aid eligibility and prior agreements already in place with Defendant, MRS.

26. Defendant, MRS, continues to delay and stagger with its services, refuses to abide by the verbal and written agreements as outlined, and continues to withhold, without explanation, services for which Plaintiff is eligible and qualified to receive.

27. But for the Defendant, MPAS's, failure to properly advocate for services and aid provided by Defendant, MRS, Plaintiff would not have suffered the following injuries and damages, among others:

   a. Plaintiff's receipt of financial aid in order to re-take her Michigan BEI exam to become a sign language interpreter;

   b. Plaintiff's receipt of financial aid and necessary tutors to take English and math courses at University of Michigan Flint which Plaintiff was forced to take four (4) times each;

   c. Plaintiff's receipt of financial aid and necessary tutors for full time enrollment at University of Michigan Flint to complete and receive her Bachelor's degree;

   d. Plaintiff's loss of the use of the money that should have been paid to her;

   e. Plaintiff has been forced to pay fees to other attorneys in an attempt to remedy and mitigate the damages caused by the acts and omissions of Defendants.

   f. Plaintiff has suffered stress, financial hardships, emotional pain and suffering, mental anguish, and the loss of consortium.

   g. Plaintiff has suffered other compensable injuries and damages.

28. As a direct and proximate result of Defendants' failure to properly advocate for services and aid provided by Defendant, MRS, thereby causing Plaintiff to lose financial aid previously granted to Plaintiff, Plaintiff would have received the necessary tutors and

proper financial aid required, but instead Plaintiff has suffered the following injuries and damages, among others:

    a. Plaintiff's receipt of financial aid in order to re-take her Michigan BEI exam to become a sign language interpreter;

    b. Plaintiff's receipt of financial aid and necessary tutors to take English and math courses at University of Michigan Flint which Plaintiff was forced to take four (4) times each;

    c. Plaintiff's receipt of financial aid and necessary tutors for full time enrollment at University of Michigan Flint to complete and receive her Bachelor's degree;

    d. Plaintiff's loss of the use of the money that should have been paid to her;

    e. Plaintiff has been forced to pay fees to other attorneys in an attempt to remedy and mitigate the damages caused by the acts and omissions of Defendants.

    f. Plaintiff has suffered stress, financial hardships, emotional pain and suffering, mental anguish, and the loss of consortium.

    g. Plaintiff has suffered other compensable injuries and damages.

29. Defendant, MPAS, owed a duty to Plaintiff to exercise the knowledge, skill, ability, and care ordinarily possessed and exercised by governmental agencies who employ attorneys in order to advocate on behalf of Plaintiffs in the State of Michigan and further to act in good faith and in the best interests of Plaintiff.

### COUNT I: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

30. Plaintiff incorporates and realleges all above paragraphs as if set forth in full here.

31. At all relevant times, Plaintiff was a qualified individual with a *disability* within the meaning of the Americans with Disabilities Act ("ADA"). Specifically, Plaintiff is an

6

individual, with a physical impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. 28 CFR § 36.104(1)(iii).

32. Plaintiff is a qualified individual with disabilities for purposes of the ADA. 42 USC 12131(2).

33. Defendants are public entities for purposes of the ADA. 42 USC 12131(1).

34. Defendants, acting in concert, have denied Plaintiff the benefits of Defendants' services, programs, and activities, solely by reason of Plaintiff's disabilities, in violation of 42 USC 12132, 12182 and, by refusing to provide the financial aid which Plaintiff is qualified, have violated the ADA.

35. Defendants have caused, and continue to cause, Plaintiff to suffer irreparable harm for which he has no adequate remedy at law, including, without limitation, the deprivation of her rights as an individual with disabilities.

36. As a direct and proximate result of Defendants' discrimination on the basis of disability, Plaintiff has suffered substantial damages for embarrassment, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

WHEREFORE Plaintiff, LINDA BELL-KACHELSKI, hereby requests that this Honorable Court enter judgment against Defendants, MICHIGAN PROTECTION & ADVOCACY, INC. AND MICHIGAN REHABILITATION SERVICES, jointly and severally, as follows:

   a. Compensatory damages in whatever amount over $25,000.00 Plaintiff is found to be entitled;

   b. Exemplary damages in whatever amount over $25,000.00 Plaintiff is found to be entitled; and

c. An award of interest, costs, and reasonable attorney fees.

### COUNT II: VIOLATION OF THE PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

37. Plaintiff incorporates and realleges all above paragraphs as if set forth in full here.

38. Plaintiff is a person with a disability as that term is defined in the Persons with Disabilities Civil Rights Act and codified in MCL 37.1301.

39. That Defendants are a public service as defined by MCL 37.1301.

40. That Plaintiff's disability is unrelated to the Plaintiff's ability to enjoy the benefits of the public services offered by Defendants.

41. That Defendants' purpose in offering the public service is specifically to aid and protect persons with disabilities.

42. Plaintiff is qualified for the public services offered by Defendants, and her disability is unrelated to her ability to use and benefit from the Programs offered by Defendant.

43. That Defendants have intentionally committed one or more of the acts prohibited by MCL 37.1302, including, but not limited to the denial of the enjoyment of public services and denial of the full and equal enjoyment of the public services because of Plaintiff's disability.

44. Defendants have denied Plaintiff equal opportunity.

45. As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has been damaged in an amount exceeding $25,000.

46. Plaintiff will be irreparably harmed if she is not granted injunctive relief along with monetary damages.

8

WHEREFORE Plaintiff, LINDA BELL-KACHELSKI, hereby requests that this Honorable Court enter judgment against Defendants, MICHIGAN PROTECTION & ADVOCACY, INC. AND MICHIGAN REHABILITATION SERVICES, jointly and severally, as follows:

   a. Issue a preliminary injunction requiring Defendants to grant Plaintiff admission into Defendants' programs;
   b. Grant Plaintiff damages in an amount in excess of $25,000.00
   c. An award of interest, costs, and reasonable attorney fees as permitted under the Persons with Disabilities Civil Rights Act.

## COUNT III – VIOLATION OF THE ELLIOTT LARSEN CIVIL RIGHTS ACT AGAINST DEFENDANT, MRS

45. Plaintiff incorporates and realleges all above paragraphs as if set for in full herein.
46. Plaintiff is an African-American female and sought public services from Defendants.
47. At all times relevant Defendant provided services to the public, and specifically, low-income individuals and individuals with disabilities.
48. On or about March of 2014, Plaintiff sought services from Defendant, MRS, and came to Defendant's place of business for a scheduled meeting with a counselor.
49. At all times relevant Plaintiff conducted herself in an appropriately courteous manner so as not to disrupt Defendant's business.
50. While at Defendant, MRS's, place of business Defendant was subject to comments by representatives of Defendant which are racially insensitive. Specifically, Plaintiff heard a representative of Defendant state, "the nigger is here at 5 [minutes] to 5, trying to make trouble."
51. Thereafter, Defendant denied Plaintiff the public services of Defendant's business.

9

52. That the denial of service by Defendant, MRS, were based upon race.

53. Defendant, MRS, owed Plaintiff duties under the ELCRA, MCL 37.2101, et. seq.

54. Those duties included not to engage in discrimination against Plaintiff on the basis of age, sex or race.

55. Defendant violated those duties in the above manner.

56. As a proximate result, Plaintiff suffered humiliation, embarrassment, and mental and emotional distress.

57. As a further proximate result, Plaintiff lost the value and benefit of Defendant's public service and accommodation.

58. Defendant's violations of ELCRA caused Plaintiff substantial damages.

WHEREFORE Plaintiff, LINDA BELL-KACHELSKI, hereby requests that this Honorable Court enter judgment against Defendant, MICHIGAN REHABILITATION SERVICES, as follows:

a. Compensatory damages in whatever amount over $25,000.00 Plaintiff is found to be entitled;

b. Exemplary damages in whatever amount over $25,000.00 Plaintiff is found to be entitled; and

c. An award of interest, costs, and reasonable attorney fees.

### COUNT IV – MALPRACTICE AGAINST DEFENDANT, MPAS

59. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

60. Defendant law firm breached the duties stated above, among others, in the following ways:

10

    a. Defendant arbitrarily closed Plaintiff's file and would no longer assist Plaintiff, including holding Defendant, MRS, to the original agreement (Exhibit "A").

    b. Defendant MPAS inconsistently stated Plaintiff's factual basis which formed the basis for her financial aid eligibility and prior agreements already in place with Defendant, MRS.

    c. Defendant continues to delay and refuses to abide by the verbal and written agreements as outlined, and continues to withhold, without explanation, services for which Plaintiff is eligible and qualified to receive.

61. Defendant failed in other ways to comply with the standard of practice and care, the canons of ethics, the Michigan Code of Professional Responsibility, the Michigan Rules of Professional Conduct, and ethical considerations applicable to attorneys in the State of Michigan.

62. Defendant failed to protect the legal rights of Plaintiff.

63. Defendant failed to fully advise Plaintiff of her legal rights.

64. Defendant failed to adequately supervise the attorneys in its office to insure that Plaintiff's rights were protected.

65. But for the acts and omissions of Defendant law firm, Plaintiff would not have suffered, among other injuries, the injuries and damages stated below.

66. As a direct and proximate result of the acts and omissions of Defendant attorney, Plaintiff has suffered, among other injuries, the following:

    a. Plaintiff's receipt of financial aid in order to re-take her Michigan BEI exam to become a sign language interpreter;

    b. Plaintiff's receipt of financial aid and necessary tutors to take English and math courses at University of Michigan Flint which Plaintiff was forced to take four (4) times each;

    c. Plaintiff's receipt of financial aid and necessary tutors for full time enrollment at University of Michigan Flint to complete and receive her Bachelor's degree;

    d. Plaintiff's loss of the use of the money that should have been paid to her;

    e. Plaintiff has been forced to pay fees to other attorneys in an attempt to remedy and mitigate the damages caused by the acts and omissions of Defendants.

    f. Plaintiff has suffered stress, financial hardships, emotional pain and suffering, mental anguish, and the loss of consortium.

    g. Plaintiff has suffered other compensable injuries and damages.

WHEREFORE Plaintiff, LINDA BELL-KACHELSKI, hereby requests that this Honorable Court enter judgment against Defendant, MICHIGAN REHABILITATION SERVICES, as follows:

    a. Compensatory damages in whatever amount over $25,000.00 Plaintiff is found to be entitled;

    b. Exemplary damages in whatever amount over $25,000.00 Plaintiff is found to be entitled; and

    c. An award of interest, costs, and reasonable attorney fees.

### COUNT V – CIVIL CONSPIRACY AGAINST DEFENDANTS

67. Plaintiff incorporates and realleges all above paragraphs as if set forth in full herein.

68. Defendants illegally, maliciously, and wrongfully conspired with one another with the

intent of and for the illegal purpose of preventing funds which Plaintiff was qualified from being dispersed to Plaintiff, with no intent of providing the required and agreed upon distributions to Plaintiff.

69. Defendants, in combination, conspired to conceal funds from Plaintiff under the pretense of continuing the ongoing, legitimate, business operations of Defendants, MICHIGAN PROTECTION & ADVOCACY SERVICE, INC., AND MICHIGAN REHABILITATION SERVICES.

70. This conspiracy resulted in the illegal, unlawful, or tortious activities of malpractice, violation of the American's with Disabilities Act, Persons with Disabilities Civil Rights Act, and The Elliott Larsen Civil Rights Act.

71. As a result of the conspiracy and Defendants' illegal, wrongful, or tortious acts, Plaintiff sustained damages in an amount greater than $25,000.00.

72. Defendants are jointly and severally liable to Plaintiff for all of her injuries and damages.

WHEREFORE Plaintiff, LINDA BELL-KACHELSKI, hereby requests that this Honorable Court enter judgment against Defendants, MICHIGAN PROTECTION & ADVOCACY, INC. AND MICHIGAN REHABILITATION SERVICES, jointly and severally, in an amount in excess of $25,000.00, and further grant any other relief deemed necessary and just.

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

By: _____
Ryan P. Richardville (P77335)

Dated: September 26, 2016

## JURY DEMAND

Please Take Notice that Plaintiff, LINDA BELL-KACHELSKI, hereby makes a demand for a jury trial pursuant to MCR 2.508(B).

Respectfully submitted,
THE RUBINSTEIN LAW FIRM

By: _____
Ryan P. Richardville (P77335)

Dated: September 26, 2016

14

**MPAS**

"PROTECTING THE RIGHTS OF
PERSONS WITH DISABILITIES"

Elmer L. Cerano, *Executive Director*

ROTECTION & ADVOCACY
SERVICE, INC.

April 3, 2014

ichelle Huerta, Esq.
resident
vonia

ate Pew Wolters
st Vice President
rand Rapids

iomas H. Landry
id Vice President
ighland

amela Bellamy, Ph.D.
ecretary
insing

iln McCulloch
reasurer
oyal Oak

ark R. Lezotte, Esq.
nmediate Past President
etroit

onald D. Bush, II, JD
est Bloomfield

onna DePalma, LMSW
nckney

erri Lynn Land
yron Center

athy McGeathy
Int

isan L. Odgers
averse City

oney Polman, LPC
. Johns

ne Shank, MSW
terlochen

:da A. Sharp, LMSW
etroit

ederick F. (Rick) Swegles, Esq.
ort Huron

ank Turnage, MLM, MSA
iscommon

Linda Kachelski
1499 Autumn Dr.
Flint, MI 48532

Dear Ms. Kachelski:

Thank you for contacting the Client Assistance Program (CAP) at Michigan Protection & Advocacy Service, Inc. (MPAS). You contacted our agency to assist you with investigating your barrier to obtaining financial support services through Michigan Rehabilitation Services (MRS) to attend college and working toward achieving your employment goal.

I assisted you in your efforts through provision of the following services:

- Consulted with MRS staff to investigate your reported service barrier and informed you of the outcome of the investigation.
- Reviewed MRS Policy and consulted with MRS Policy Manger to address reported required time frames for college course work completion and provision of Trial Semester of college.
- Researched requirements to attain State of Michigan BEI Interpreters License and RID National Interpreters Certification. Discussed outcome of research with you and with your MRS Counselor.
- Educated you on MRS College Training Policy and services available through this policy.
- Informed you of your right per MRS Policy and the Rehabilitation Act to request a new MRS Counselor and educated you on the process to do so.
- Met with you, CAP Manager, your MRS Counselor and the MRS Site Manager to discuss your college service request.

As a result of our meeting with MRS staff, MRS has agreed to the following:

- MRS will pay for the fee for you to re-take your Michigan BEI exam
- MRS will pay for you to take English 112 at U of M Flint as an assessment

Main Office:
4095 Legacy Parkway, Suite 500 · Lansing, MI 48911-4264
517.487.1755 (Voice or TTY)
800.288.5923 (Information and Referral)
517.487.0827 (Fax)

Marquette Office:
129 W. Baraga Ave., Suite A · Marquette, MI 49855-4644
906.228.5910
866.928.5910 (Toll Free)
906.228.9148 (Fax)

MPAS Web site: www.mpas.org

of your ability to proceed with college course work
- If you pass English 112, MRS will develop an IPE with the goal of Interpreter and continue to pay for your full time enrollment at U of M Flint to complete her Bachelors degree
- ~~MRS will assign you to a new MRS Counselor~~

Since your service request barrier has now been resolved, I am closing your case with our agency. Once your case is closed, you have the right to look at information in your file that you sent to us, information you could get through a third person, or any external letters or communications MPAS created on your behalf, by contacting MPAS' Legal Director in the Lansing office. MPAS will keep these materials along with their notes and any other materials in your closed case file for five years and then destroy them.

I would appreciate it if you would fill out the enclosed survey and return it to me. Your comments help us provide quality service to our consumers. If you are not happy with the services we provided, you may request a grievance form by calling us. Please contact us at 1-800-288-5923, if at any time you have questions or concerns about your rights as a client of MRS.

Sincerely,

Lisa Knapp, Advocate

LK/lmm

Enclosure



| RICK SNYDER<br>GOVERNOR | STATE OF MICHIGAN<br>DEPARTMENT OF HUMAN SERVICES<br>MICHIGAN REHABILITATION SERVICES | MAURA D. CORRIGAN<br>DIRECTOR |
|---|---|---|

April 18, 2014

Linda A. Bell-Kachelski
1499 Autumn Dr.
Flint, MI 48532

### NOTICE OF TRANSFER TO NEW COUNSELOR

Dear Bell:

As of 04/14/2014 your case has been reassigned to Vanessa Neilley, who can be reached at 810.760.9626.

Please contact your new counselor if you have any questions or concerns regarding this change.

Sincerely,

Vanessa Neilley
Rehabilitation Counselor